# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO DONTA GAULDIN,<br><br>            Petitioner,<br>   vs.<br><br>MATTHEW CATE, Secretary,<br><br>            Respondent. | CASE NO. 12-CV-791-LAB-RBB<br><br>**ORDER DENYING HABEAS PETITION** |

Gauldin was found guilty in San Diego Superior Court of several crimes: (1) being a felon in possession of a firearm; (2) burglary; (3) robbery; (4) assault with a deadly weapon; (5) grand theft of a firearm; (6) making a criminal threat; and (7) evading an officer. He filed this habeas petition challenging his convictions. At this point, his petition contains just two claims. The first is that his right to confront witnesses under the Sixth Amendment was violated when the contents of a DNA report were admitted into evidence without live testimony from the criminalist who prepared the report. The second is that his counsel was ineffective for failing to object to his co-defendants being identified in court while wearing prison clothing.

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the

magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). See also 28 U.S.C. § 636(b). If no objection is made, however, this de novo determination isn't required. *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc). Because Gauldin is proceeding pro se, the Court construes his pleadings liberally and affords him the benefit of any doubt. *See Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). That said, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987).

## I.     Confrontation Clause Claim[1]

As the R&R explains, David Cornacchia, a DNA analyst with the San Diego Police Department, examined the evidence in this case and prepared a report. He wasn't available at trial, however, and a supervising criminalist from the Police Department's DNA laboratory took his place. That supervisor, Patrick O'Donnell, gave testimony that was informed by Cornacchia's report. Gauldin argues that this violated his confrontation rights as articulated by the Supreme Court in *Melendez-Diaz v. Massachusetts*, 557 U.S. 335 (2009), which held that "a forensic laboratory report ranked as testimonial for purposes of the Confrontation Clause." *Flourney v. Small*, 681 F.3d 1000, 1005 (9th Cir. 2012).

Though Gauldin protests the point in his objection to the R&R, the DNA report was not admitted into evidence at trial. Rather, O'Donnell described the report and explained how Cornacchia reached the conclusions he'd reached. The R&R is insistent on this point, and the Court agrees with it. (R&R at 20:8–11; 21:18–19; 26:11–13; 27:21–24.) Gauldin, on the other hand, insists that "the trial court had allowed a non-testifying criminalist's report to be read to the jury without giving Petitioner the opportunity to cross examine the [Author] of that report and without finding out whether that author was legally unavailable to testify." (Obj. at 3.) But that's just an empty assertion, and one that is refuted by the record.

//

---

[1] Respondent argues that this claim is procedurally barred because it was forfeited in state court. The R&R disagrees, and Respondent has filed no objection on the issue. Following the R&R, the Court is inclined to assess Gauldin's confrontation clause claim on its merits.

Gauldin's better argument—although it still fails—is that under *Melendez-Diaz* there's no constitutional difference between the outright admission of a laboratory report and, as he puts it, "surrogate testimony." (Obj. at 4.) There's no doubt that, considering the timing of the state court's rejection of Gauldin's Confrontation Clause claim, *Melendez-Diaz* is the clearly established federal law the Court has to look to. *See Greene v. Fisher*, 132 S. Ct. 38, 44 (2011). There's also no doubt, however, that under *Melendez-Diaz* the constitutional difference that Gauldin denies actually does exist. The Ninth Circuit itself, in *Meras v. Sisto*, recognized the difference between "a lab report submitted without live testimony" and a report "introduced through the testimony of the author's supervisor." 676 F.3d 1184, 1190 (9th Cir. 2012). And that's what differentiates this case as well: As the R&R puts it, "the prosecutor . . . did not introduce the laboratory report into evidence; the only evidence of the DNA testing was the testimony of O'Donnell, who [sic] petitioner was able to cross-examine." (R&R at 27.) *See also Graham v. Nash*, 2013 WL 3982271 at *15–17 (C.D. Cal. July 30, 2013) ("Because *Melendez-Diaz* dealt with the use of affidavits instead of testimony, and this case dealt with the in-court testimony of a DNA expert, a supervisor who actually conducted the analysis and reached an independent conclusion about the DNA tests, the court of appeal's decision did not involve an unreasonable application of *Melendez-Diaz*."); *Wise v. Neotti*, 2012 U.S. Dist. LEXIS 160684 at *15 (C.D. Cal. Apr. 27, 2012) ("[F]airminded jurists could disagree about whether *Melendez-Diaz* precluded the live testimony of a laboratory supervisor who reviewed and signed a report prepared by another analyst.").

A case subsequent to *Melendez-Diaz*—too late to benefit Gauldin, but worth mentioning—would extend the right of confrontation further, but still not in a way that applies to this case. *See Bullcoming v. New Mexico*, 131 S. Ct. 2705, 2710 (2011). *Bullcoming* held the right of confrontation is violated even if the report is admitted through the testimony of a different expert who had no role in preparing it. But that's not what happened in this case; the report was never admitted. Moreover, O'Donnell was asked for his own opinion about the report, and was able to offer it, because he served as the supervisor of the person who initially prepared the report. Indeed, one of O'Donnell's explicit responsibilities as a

supervisor was to review the lab reports of subordinates, as he did in this case. Justice Sotomayor's concurrence in *Bullcoming* explicitly pointed out that the case does not apply in these circumstances. She said *Bullcoming* "is not a case in which the person testifying is a supervisor, reviewer, or someone else with a personal, albeit limited, connection to the scientific test at issue," nor one "in which an expert witness was asked for his independent opinion about underlying testimonial reports that were not themselves admitted into evidence." *Bullcoming*, 131 S. Ct. at 2722 (Sotomayor, J., concurring).

For these reasons, the California court's rejection of Gauldin's Confrontation Clause claim was neither contrary to nor an unreasonable application of clearly established federal law. Nor was it based on an unreasonable determination of the facts. Gauldin's objection to the R&R is overruled, and the claim is **DENIED**.

## II.     Ineffective Assistance Claim

During Gauldin's trial, two of his co-defendants, Kimberlee Snowden and Eric Carter, were identified in court while wearing prison clothing and shackles. Gauldin argues this was prejudicial, and that his counsel was ineffective for failing to object. He contends that the appearance of Snowden and Carter in prison dress likely led the jury to believe the victim and a witness correctly identified them, and that belief would carry over to their identification of him. In fact, however, Gauldin's defense at trial was that he didn't accompany Snowden and Carter to the scene of the crime, and his counsel reasonably thought it would serve that defense, and play to Gauldin's advantage, if Snowden and Carter had the sartorial brand of "criminal" that prison garb bestows. (R&R at 32.)

The Supreme Court has held that an accused has a constitutional right to not be tried in prison clothing. *Estelle v. Williams*, 425 U.S. 501 (1976). But there is no *federal* law, as articulated by the Supreme Court, that extends the holding of *Estelle* to co-defendants, and to the extent the state law cited by Gauldin does, it's not relevant to a federal habeas petition. *See Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989). Against that legal background, Gauldin's claim articulates nothing other than a disagreement with his counsel over trial strategy. That can't be the basis of a *Strickland* claim. Trial counsel is

presumed to be competent under *Strickland*, and the opinion also recognizes that "[t]here are countless ways to provide effective assistance in any given case." 466 U.S. 668, 689 (1984).

The California court reviewing Gauldin's conviction found that his counsel's representation didn't fall below an objective standard of reasonableness or the prevailing norms of the profession. It also found, moving on to the second prong of *Strickland*, that the outcome of his trial would not have been any different had counsel objected to the dress of Snowden and Carter. These findings were not contrary to clearly established federal law. They also weren't based on an unreasonable determination of the facts. The ineffective assistance claim is therefore **DENIED**; Gauldin's objection to the R&R is **OVERRULED**.

### III.   Conclusion

The Court **ADOPTS** the R&R in its entirety. Gauldin's objections to the R&R are **OVERRULED**, and his petition is **DENIED**. The Court also denies Gauldin a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

**IT IS SO ORDERED**.

DATED: September 14, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge